## Tubb *against* Madding.

*December*, 1823.

JUDGE *Minor* delivered the opinion of the Court.

This was an action of Debt by *Tubb* against *Madding* in the Circuit Court of *Perry* County. Defendant pleaded payment, and two other pleas, denying the right of action as to fifteen dollars and fifty cents, and as to thirty-four dollars and fifty cents, parts of the plaintiff's demand ; and averring that these sums had been attached in his hands at the suit of *Gaines* against the plaintiff and *Logan*, and judgment entered against him as garnishee for these two sums, which he had paid. By the Record and bill of Exceptions, it appears that a motion for judgment by default on the two last pleas was overruled. The Justice of the Peace who issued the attachments was introduced as a witness, and produced in evidence the original process and papers, and entries of judgment on his docket against the plaintiff as garnishee, which entries he had not signed. The defendant's declaration as garnishee, as originally reduced to writing, was proved to be lost, and a sworn copy thereof was given in evidence. The Justice proved that the defendant had paid over the money attached in his hands. The plaintiff's counsel objected to the admission of all the above evidence, and the objection was overruled. He further objected to the proceedings had on the attachment before the Justice, which was also overruled. *Madding's* note to *Tubb*, on which the action was founded, appeared to have had credits on it, which were erased. The Court charged the Jury, that the holder of the note had no right to erase the credits though entered by mistake ; that the burthen of proof of such mistake lay on the plaintiff ; and that the Jury must allow the credits if legible. To the admission of all which evidence, and to the charge of the Court, the plaintiff excepted ;

1st, Some of the pleas do not, but others do, answer the whole declaration. Plaintiff cannot take judgment by nil dicit. 2d, The original papers, instead of sworn copies, from a Justice of the Peace may be given in evidence. 3d, Part of the Debt being attached in the hands of the defendant, he shall be protected against a second recovery as to so much, while the proceedings, though erroneous, remain unreversed. 4th, The holder of a Note may erase credits entered on it by mistake ; and whether they have been so entered must be determined by the Jury and not by the Court. The Court cannot charge as to matters of fact.

17

and the assignments of Error now bring in question these matters.

For the plaintiff in Error it has been contended that the plea must answer the whole declaration ; that if it answers only a part, plaintiff may take judgment by nil dicit for the residue. This principle is evidently applicable only where the part unanswered by such partial plea, remains unanswered by any other part of the pleadings. The defendant might plead as many several matters as he judged necessary for his defence. His special pleas as to the sums attached in his hands, could not from their nature answer the whole declaration ; but his plea of payment answered the whole, and a judgment by nil dicit, when he had pleaded a good bar to the whole action, would have made the Record contradictory.

The Jury had a right to take with them from the bar the papers read in evidence : the Justice was not bound to produce as evidence the original papers of his office, which he is required to preserve for the benefit of the parties interested. But if he thought proper to incur the risk of their being in possesion of the Jury, it was not for the plaintiff to object ; for they were at least as good evidence as sworn copies could be.

When the defendant by competent authority had been summoned as garnishee, and the Justice having jurisdiction of the case had, in pursuance of his garnishment, entered judgment against him in favour of the plaintiff in the attachment for the sums which he declared he owed to the plaintiff in this action, he was liable to executions thereon. If the judgments were rendered on matters within the jurisdiction of the Justice, *Madding* surely was not bound to resort to a higher tribunal to ascertain whether the Justice's proceedings were according to law ; and much less could he be required without such appeal to resist the Justice's judgment.

I am not aware that a Justice is required to sign his judgments or other entries : (Laws of Ala. 410.) and when executions were about to be levied on *Madding's* property, it could have availed him little to allege or prove that they had issued on judgments to which the Justice had not subscribed his name.

If the written declaration of the defendant as garnishee was lost, on the settled principles of evidence it was proper to give the copy in evidence.

In the proceedings of the Circuit Court thus far there is evidently no Error : but we conceive that the Court erred in the charge as to the credits which appeared to have been

entered on the Notes, and afterwards erased. The holder of the Note was its owner, and clearly had the right to erase from it credits which had been entered by mistake, though he had no right to defraud the maker by erasing credits which had been fairly entered. Whether they had been entered by mistake or not, and whether they proved payments, and to what amount, were questions of fact. The Jury are judges of facts, the Court is to judge of the law. It should have been left to the Jury to determine from the evidence and circumstances whether the credits had been entered by mistake or fraudulently erased, and to what amount payment had been made.

For this reason the judgment must be reversed, and the cause remanded for a new trial.

Judge *Saffold* gave no opinion.